MAY

JUDGE SCHEIN...

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
L & L PAINTING COMPANY, INC.,         :    08 Civ. 3559 (SAS)
                                      :
           Plaintiff,                 :
                                      :
    -against-                         :    Action No. 1
                                      :
ODYSSEY CONTRACTING CORP.,            :
                                      :
           Defendant.                 :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/1/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ODYSSEY CONTRACTING CORP.,            :    08 Civ. 3491 (SAS)
                                      :
           Plaintiff,                 :
                                      :    Action No. 2
    -against-                         :
                                      :
L & L PAINTING COMPANY, INC. and      :
FEDERAL INSURANCE COMPANY,            :
                                      :
           Defendants.                :
------------------------------------X

## STIPULATION AND ORDER

WHEREAS the above-captioned Action No. 1 was commenced by L&L Painting Co., Inc. ("L&L") as Plaintiff against Odyssey Contracting Corp. ("Odyssey") as Defendant in New York State Supreme Court, New York County, by the filing of a Summons with Notice on April 9, 2008, claiming damages for breach of contract;

WHEREAS Odyssey as Plaintiff commenced the above-captioned Action No. 2 against L&L and the surety, Federal Insurance Company ("Federal Insurance"), as Defendants by filing a Summons and Complaint with this Court on April 10, 2008, claiming damages for breach of contract and alleging diversity jurisdiction under 28 U.S.C. 1332;

NYN #708291 v2

WHEREAS Odyssey removed Action No. 1 to this Court by the filing of a Notice of Removal of April 14, 2008, alleging diversity jurisdiction;

WHEREAS L&L's counsel, by letter dated April 23, 2008, has notified Odyssey's counsel of its intent to move this Court no later than May 14, 2008 for an Order remanding Action No. 1 to New York State Supreme Court, New York County if Odyssey does not consent to transfer of the said action to such Court; the ground for the proposed motion being Odyssey's contractual waiver of the right to remove;

WHEREAS Odyssey's counsel opposes remand or transfer of Action No. 1 on the grounds that the alleged contractual waiver of the right to remove is not applicable;

WHEREAS counsel for the respective parties in each of the within actions also are presently considering amicable means of consolidating the actions or bringing all claims in one action, depending on the outcome of the proposed motion for remand of Action No. 1;

WHEREAS counsel further agree that it is appropriate, subject to the Court's approval, to extend the times within which to serve answers or other papers in the two actions in the interim and until such time as the proposed remand motion is determined by this Court and the venue of each one of the within actions is settled; and,

WHEREAS counsel have further agreed, as a matter of convenience and subject to the Court's approval, to request an extension of their respective times within which to serve an Answer or other papers in each one of the within actions pursuant to a single stipulation covering both such actions;

NOW, THEREFORE, the undersigned counsel in Action Nos. 1 and 2 HEREBY STIPULATE AND AGREE, and request the Court to issue an Order providing that: (i) L&L's and Federal Insurance's time within which to respond to the Complaint in Action No.2; and, (ii) Odyssey's time within which to demand service of a Complaint by L&L in Action No. 1; and,

(iii) the parties' respective times within which to take any other actions necessary upon either the commencement and/or removal of Action No. 1 or the commencement of Action No. 2 be and hereby are extended through and including June 30, 2008 or until twenty (20) days following entry of this Court's Order determining the proposed motion to remand Action No.1 back to New York Supreme Court, New York County, whichever date is earlier; and further that counsels' execution and filing of this Stipulation does not itself constitute an appearance in either Action, and is without prejudice to the parties' respective positions regarding the issues of the removal and remand of Action No. 1 and/or the proper disposition or venue of Action No. 2 following determination of the proposed motion for remand.

IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed in facsimile and in counterparts.

Dated: May 1, 2008

| THELEN REID BROWN RAYSMAN & STEINER LLP<br>*Attorneys for L & L Painting Co., Inc*<br><br>By: *[signature]*<br>Charles Fastenberg, Esq.<br><br>900 Third Avenue<br>New York, New York 10022<br>(212) 895-2900 | GEORGOULIS & ASSOCIATES<br>*Attorneys for Odyssey Contracting Corp.*<br><br>By: *[signature]*<br>Michael McDermott, Esq.<br><br>45 Broadway, 14th Floor<br>New York, New York 10006<br>(212) 425-7854 |
|---|---|

IT IS SO ORDERED:

_*[signature]*_        _5/1/08_
U.S.D.J.

Date:

NYN #708291 v2                        -3-