UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



-------------------------------------------------------X
                                 :

L&L PAINTING CO., INC.,          :

                                 :

               Plaintiff,      :

                                 :

    - against -            :

                                 :

ODYSSEY CONTRACTING CORP.,  :

                                 :

            Defendant.     :

-------------------------------------------------------X

**MEMORANDUM
OPINION AND ORDER**

**08 Civ. 3559 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.    INTRODUCTION

Plaintiff moves to remand this action to the Supreme Court of the State of New York. The motion to remand is based on a provision in the parties' contract, out of which this action arises, that waives the defendant's right to remove the instant action to federal court. For the reasons that follow, the motion is granted.

## II.    BACKGROUND

In 2003, L&L Painting Co., Inc. ("L&L" or the "Contractor") entered into a prime contract (the "Prime Contract") with the City of New York (the

"City") to repaint the Queensboro Bridge (the "Project").[1]  In March 2004, L&L

entered into a subcontract with Odyssey Contracting Corp. ("Odyssey" or the

"Subcontractor") wherein Odyssey agreed to perform certain specified work on the

Project.[2]  On April 9, 2008, L&L commenced the instant action against Odyssey in

the New York State Supreme Court alleging that Odyssey breached the

subcontract by terminating and abandoning its work.[3]  On April 10, 2008, Odyssey

commenced a separate action against L&L in this Court (the "Second Action")

alleging that L&L breached the parties' subcontract.[4]  On April 14, 2008, Odyssey

removed the state court action to this Court, asserting jurisdiction based on

diversity of citizenship.[5]  Odyssey is a Pennsylvania corporation, and L&L is a

New York corporation.  The amount in controversy is $3,000,000.[6]

---

[1]     *See* Plaintiff's Memorandum of Law in Support of Motion ("Pl. Mem.") at 1.

[2]     *See id.*

[3]     *See id.*

[4]     Odyssey's claims arise out of the same "transaction or occurrence" as the instant case, and therefore are compulsory counterclaims. Fed. R. Civ. P. 13(a) ("A pleading must state as a counterclaim any claim that . . . arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . .").

[5]     *See id.* at 1-2 (citing 28 U.S.C. § 1332).

[6]     *See id.*

-2-

L&L seeks to remand this action on the ground that Odyssey waived its right of removal by the express terms of article 26(b) of the subcontract which provides:

> With respect to any action between the Contractor and the Subcontractor in New York State Court, that is not subject to the Prime Contract, the Subcontractor hereby expressly waives and relinquishes any rights it might otherwise have (i) to move to dismiss on grounds of forum non conveniens, (ii) to remove to Federal Court, and (iii) to move for a change of venue to a New York State Court outside New York County.[7]

The phrase "not subject to the Prime Contract" refers to actions that are not subject to the mandatory dispute resolution procedure set forth in article 27 of the Prime Contract which incorporates section 4-09 of the New York City Procurement Policy Board Rules.[8]  Under this procedure, claims against the City for "extra work" or "out of scope" work are to be resolved "exclusively" through various administrative reviews including, among others, review by the City's Contract Dispute Resolution Board ("CDRB").[9]  L&L maintains that the instant action is not subject to the Prime Contract and is therefore governed by the waiver of

---

[7]   *Id.*

[8]   *See id.* at 4.

[9]   *Id.*

-3-

removal clause of the subcontract.

## III.    LEGAL STANDARD

### A.    Remand

Section 1447(c) of title 28 of the United States Code provides:  "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."  When a party challenges the removal of an action from state court, the burden falls on the removing party "to establish its right to a federal forum by 'competent proof.'"[10]  "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability."[11]  If the removing party cannot establish its right to removal by competent proof, the removal is improper, and the district court must

---

[10]    *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

[11]    *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). *Accord Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31 (2002) (noting that "statutory procedures for removal are to be strictly construed").

remand the case to the court in which it was filed.[12]

## B.    Forum-Selection Clause

"Although courts once frowned upon enforcement of forum-selection clauses, it is now settled law that parties may bargain in advance to select the forum in which their disputes will be adjudicated."[13]  Any remaining hostility toward forum-selection clauses is "simply a vestigial remainder of an outmoded doctrine."[14]  As stated by the Supreme Court, forum-selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."[15]  Thus, "[f]orum selection

---

[12]    *See United Food & Commercial Workers Union, Local 919 v. Centermark Props. Meriden Square*, 30 F.3d 298, 301 (2d Cir. 1994) (citing *R.G. Barry Corp.*, 612 F.2d at 655).  *See also Klein v. Vision Lab Telecomms., Inc.*, 399 F. Supp. 2d 528, 531 (S.D.N.Y. 2005); *Kings Choice Neckwear, Inc. v. DHL Airways, Inc.*, No. 02 Civ. 9580, 2003 WL 22283814, at *2 (S.D.N.Y. Oct. 2, 2003).

[13]    *Design Strategy Corp. v. Nghiem*, 14 F. Supp. 2d 298, 300 (S.D.N.Y. 1998) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13 (1972) and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-96 (1991)).

[14]    *Bense v. Interstate Battery Sys. of Am.*, 683 F.2d 718, 721 (2d Cir. 1982).

[15]    *M/S Bremen*, 407 U.S. at 10.  *Accord Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007).

-5-

clauses are presumptively enforceable,"[16] "unless it clearly can be shown that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching."[17]

## IV.    DISCUSSION

In its motion to remand, L&L asserts that Odyssey expressly waived its right to remove an action of this nature to federal court. Such forum-selection clauses are "prima facie valid," and should be enforced unless enforcement would be "unreasonable."[18] Here, the parties knowingly entered into the subcontract, which included a clear waiver of removal, and Odyssey has made no showing of fraud, overreaching, unreasonableness, or unfairness.[19] The contractual waiver was agreed to and signed by both the parties and is presumptively enforceable.[20]

---

[16]    *J.B. Harris, Inc. v. Razei Bar Indus.*, 37 F. Supp. 2d 186, 189 (E.D.N.Y. 1998), *aff'd*, 181 F.3d 82 (2d Cir. 1999).

[17]    *Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) (quotation marks and citations omitted). *Accord District No. 1 - Pacific Coast Dist. v. Trinidad Corp.*, 583 F. Supp. 262, 263-65 (S.D.N.Y. 1984).

[18]    *M/S Bremen*, 407 U.S. at 10.

[19]    *See District No. 1*, 583 F. Supp. at 263-65 (motion to remand granted when enforceable forum-selection clause explicitly barred removal).

[20]    *See Karl Koch*, 838 F.2d at 659-60 (mandatory forum-selection clause is enforceable).

However, a dispute between the Contractor and the Subcontractor that is subject to the Prime Contract is exempt from the terms of article 26(b). Defendant asserts that the instant action, as well as two claims in the Second Action, fall within this exemption because these claims are subject to the Prime Contract. Claims subject to the Prime Contract include disputes related to the scope of work set forth in that contract, the amounts payable for extra work or disputed work between the City and the Contractor, and the acceptability and quality of the Contractor's work.[21]

The claims asserted in both actions stem from the Subcontractor's alleged breach of the subcontract. In the removed action, L&L asserts that Odyssey terminated its subcontract work while such work was still in progress. These breach of contract claims are not subject to the Prime Contract.[22]  In the Second Action initiated against L&L, Odyssey asserts that two of its claims are dependent upon proceedings that L&L has initiated against the City pursuant to

---

[21]     *See* Pl. Mem. at 6 (citing 10/1/00 Prime Contract at 26).

[22]     If the instant claims were subject to the Prime Contract, the action could only be pursued through administrative review by the designated New York agencies – CDRB, among others.

-7-

the Prime Contract's dispute resolution provisions.[23]  These claims relate to a 2005

fire which damaged the Project and an alleged misrepresentation of plans and

designs for the south outer roadway.[24]  To the extent that L&L succeeds in

obtaining payment for these claims, Odyssey asserts that L&L will pay Odyssey

this money, and Odyssey will reduce its claim against L&L accordingly.[25]  L&L

disputes this assertion, calling it "speculative and erroneous."[26]  Even assuming

*arguendo* that Odyssey's assertion is true, which is unlikely given that L&L's

claim was denied by the CDRB,[27] Odyssey's constricted interpretation of claims

excepted from the waiver clause does not establish that these claims are actually

subject to the Prime Contract.

    As noted, claims subject to the Prime Contract include disputes

between the Contractor and the City for disputes related to the scope of work, the

amounts payable for extra work or disputed work, and the acceptability and quality

---

[23]    *See* Defendant's Memorandum of Law in Opposition of Motion ("Def. Mem.") at 2.

[24]    *See id.* at 3.

[25]    *See id.*

[26]    Plaintiff's Reply Memorandum of Law at 3.

[27]    *See* Def. Mem. at 3.

-8-

of the Contractor's work.[28]   Odyssey's claims, however, are not asserted against

the City for such disputes.  Odyssey's claims are asserted against L&L for breach

of contract in connection with the 2005 fire and alleged misrepresentations

concerning the south outer roadway.  Accordingly, these claims are subject to the

terms of article 26(b) of the subcontract, which prohibit removal to this Court.

Because Odyssey has not established its right to removal by "'competent proof,'"

the removal is improper.[29]   For the foregoing reasons, the motion to remand is

granted.

## V.    CONCLUSION

For the reasons discussed above, defendant's motion to remand is

granted.  The Clerk of the Court is directed to close these motions [nos. 8 on the

docket sheet] and both cases.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
             July 22, 2008

---

[28]    *See* Pl. Mem. at 6 (citing 10/1/00 Prime Contract at 26).

[29]    *R.G. Barry Corp.*, 612 F.2d at 655 (quoting *McNutt*, 298 U.S. at 189).

**- Appearances -**

**For Plaintiff:**

Charles Fastenberg, Esq.
Thelen Reid Brown Raysman & Steiner LLP
875 Third Avenue
New York, NY 10022
(212) 603-6589

**For Defendant:**

Michael McDermott, Esq.
Georgoulis & Associates, PLLC
45 Broadway, 14th Floor
New York, NY 10006
(212) 425-7854